Sutliff, J.
The original suit, in wbicb. the defendant became special bail, was commenced under and is governed by tbe act of June 1st, 1831, “to regulate tbe practice of judicial courts.” Tbe 9th section of that act provides that special bail shall be filed on tbe return day of tbe capias ad respondendum, or on tbe succeeding day; and it is provided by tbe 10th section, that if special bail be not put in and perfected in due time, tbe plaintiff may proceed upon tbe bail bond or rule tbe sheriff to bring in the body of tbe defendant.
It is true that it does not appear in this case that tbe special bail was entered within tbe time limited by tbe statute; but we do not think it is competent for tbe bail to object to tbe validity of tbe recognizance entered into, that by tbe favor of tbe plaintiff, tbe same was accepted at a later day in tbe term than be was by law obliged to suffer special bail to be of course entered. Indeed the statute is only directory, and it was always competent for tbe court, in their discretion, upon good cause shown, to suffer special bail to be put in at any time during tbe term at wbicb tbe capias ad respondendum was returned. And such is said to be tbe rule in tbe King’s Bench: “ Though tbe bail be put in tbe last day of tbe term, and tbe bill be put in at any time tbe same term, this is well enough by tbe course of that court.” See Roll. Abr. 333 ; Cro. Jac. 384; Bac. Abr. Bail. C.; 1 Tidd. Pr. (9th ed.) 279.
Tbe return day, or tbe day succeeding, is tbe limit only to tbe right of tbe defendant to put in special bail, of course. If tbe plaintiff insist upon this limitation of time, be may, in default of special bail having been entered within tbe rule, accept an assignment of tbe bail bond to tbe sheriff, and commence suit thereon; or be may, on motion, obtain a rule of court that tbe sheriff bring in tbe body of tbe defendant within tbe term. Tbe statute further provides that if tbe sheriff shall cause special bail to be put in, and justified if required, during the term, be shall be excused from bringing in tbe body. But if tbe sheriff *327 brought in the defendant, he was thereupon committed. And being so committed, or in custody, the defendant, .by leave of court, might put in special bail at any time, even after verdict or judgment; and before a capias ad satisfaciendum had been issued. Parker v. Turner, 2 Chitt. Rep. 71; 18 Eng. Com. Law Rep. 253.
The other objection urged by defendant’s counsel to the right of recovery against the special bail, is the amendment of the original writ. It is insisted by counsel, that after the filing of the declaration in the original action, the bail, on motion to the court, would have been entitled to an exoneretur for the apparent variance between the cause of action indorsed on the writ and that set out in the declaration.
The court, by overruling plaintiff’s motion to strike the defendant’s plea in abatement from the files, may perhaps be understood to have expressed thereby an opinion in favor of its sufficiency; and if the writ had remained without amendment, the defendant, it would seem, upon his application to the court before judgment, might have obtained his exoneration. Eor it has long been recognized by the courts, as a general rule, that when a plea in abatement would be sustained to a writ upon which the defendant has given special bail, he ought to be discharged on common bail. But that rule is not conclusive of the question in this case. If the conditional undertaking of the defendant had become absolute, he was liable in the action against him on the undertaking, otherwise not. The terms of that undertaking were, that if the defendant, Aaron Lytle, should be condemned in that action of the plaintiff1 against him, he should pay the costs and condemnation of the court, or render himself into the custody of the sheriff for the same; or, in default of his so doing, that he, Aylesworth, would pay the costs and condemnation for him. A judgment was rendered against Lytle in that action for $1,361.20, debt, damages and costs, and *328 the defendant failed either to pay the same or render himself into the custody of the sheriff'. These facts are shown by the record and the return of the sheriff'. It is not pretended that the defendant in fact obtained, or ever asked for an exoneration from his undertaking as bail. His defense, therefore, rested solely upon the proposition that Aaron Lytle was not in fact condemned in the action in which the defendant became special bail, but that the judgment so rendered in the case was upon a different cause of action from that in which the defendant so became bail.
The original writ commanded the sheriff to take the said Lytle and have him at the first day of the next term, etc., “to answer unto Robert K. Enos, in a plea of debt— debt $1280, damage $1000,” etc. On the writ was indorsed as follows: “ Suit brought on a certain judgment of the circuit court of the county of Porter, and state of Indiana, rendered by said circuit court at the September term thereof, A. U. 1852, in favor of said Robert K. Enos, and against said Aaron Lytle, for the sum of $1200 damages, and $80 costs of suit; amount sworn to as due, $1280. Hold to bail in the sum of $2400.”
The declaration was upon a judgment rendered by the same court, at the same time, between the same parties, and for precisely the same amount; the only variance being in this, that the declaration described the part of the judgment for damage as being $1236.94, leaving that part of the judgment rendered for costs only $43.06, instead of $1200 damages, and $80 costs; not varying, however, in the aggregate amount, the judgment sued upon and sought to be recovered from the defendant. "We think this a variance in the description rather than of the cause of the action expressed by the original writ.
The undertaking of special bail in the recognizance set forth in the record, is substantially the same in its terms with that of bail for appeal provided for by section 124 of the same act. The condition of each undertaking is, that the principal shall satisfy the judgment that may be *329 rendered against Mm in the action. The only difference as to the undertakings being, that in case of special bail, the satisfaction is to be either by payment of the judgment, or by surrender of the principal, while, in the case of bail for appeal, satisfaction may be made by payment only. Tet, independent of onr very liberal statute of 1845, in relation to amendments, it could hardly be claimed that an amendment of the writ by leave of court, after appeal, so as to make the description of the judgment in the writ conform to that in the declaration, would discharge the bail for appeal.
The present is certainly a very different case from that numerous class of cases, both in England and in this country, in which an exoneretur has been granted to special bail, where an action was prosecuted different from that in which the bail was given. The case of Wheelright v. Jutting, 7 Taunt. Rep. 304, may be referred to as illustrative of the distinction. A rule was obtained in that case to stay proceedings in an action, like the one under consideration, on a recognizance of bail, on the ground that the plaintiff had failed in establishing the cause of action for which the defendant was arrested. It appeared the defendant had been held to bail to answer an action upon a bill of exchange on which the plaintiff had declared, and also inserted in Ms declaration, a count for goods sold and delivered, and on a writ of inquiry, had recovered on the latter count, but had offered no evidence on the count on the bill of exchange. The court observed that bail should always be acquainted with the nature and extent of their liability, as they would otherwise be subject to fraud, and made the rule absolute. And so again, in the case of Fetherington v. Goulding, 7 Tenn. Rep. 80, it was held, that where the bail had undertaken, in an action in assumpsit, and the plaintiff had failed to declare against the defendant in assumpsit, but had declared against him in an action of trover, an exoneretur should be entered on the bail-piece»
*330 Rut to fully appreciate the force of the English cases reported upon the rights and liabilities of bail, we must have respect to their statutes and rules of court upon the subject. By the statute, 23 Hen. 6, c. 9, the sheriff might take bail, it is said, for any amount he pleased, and the bail was liable to all actions returnable the same term. Com. Dig. Bail K, 3 M. 1, Cro. Jac. 286; 1 Mod. 16; 10 Mod. 153, 327; Tidd’s Pr. 81, 82. Since that time, the statute 23 Car. 2, c. 2, was passed, prohibiting the holding to bail in cases above £40, unless the true cause of action be stated in the process. It'enacts that “ the sheriff shall let to bail every person by him arrested on such writ or process, wherein the certainty and true cause of action is not particularly expressed, on security in the sum of £40, and no more, for his appearance.” Under this statute, the special hail was taken at the discretion of the judge. See Tidd’s Pr. 244; Bac. Abr. Bail, B. 3. It was afterward provided by statute, 4 Ann. c. 16, sec. 20, that, in the court where the action on the bond, or recognizance of bail, was brought, “ by rule or rules of the same court, the court may give such relief to the bail as is agreeable to justice and reason.” The statute, 12 Geo. 1, c. 29, provided that in cases above twenty*shillings, “ affidavit shall be made and filed of the cause of action, and the sums specified in the affidavit shall be indorsed on the process; and that the officer shall hold to bail for no more.” These several statutes, and especially that of 4 Ann. c. 16, sec. 20, giving the court by their own rules, almost absolute discretion and authority to summarily enter an exoneretur on a hail piece, will, doubtless, account for the seeming occasional discrepancy in the English cases upon this subject.
Toa like cause — the different statutes and rules of court —is to be attributed, in a great degree, that want of uniformity found in the reported cases of the different states upon this subject. In the most of the states, the liabilities and rights of the bail are defined, and the proceedings *331 directed solely by statute; and the decisions of the courts of the different states must be, of course, respectively conformable to such statutory provisions.
But no case either in the English or American decisions has been brought to our notice, going to show the defendant to be in law exonerated, in this case, from his recognizance of bail.
At the time the defendant became special bail, as well as at the time the writ was amended by leave of court, a statutory provision in relation to amendments was in force in this state, providing as follows:
“ That the court in which any action shall be pending, shall have power to allow parties to amend any process, pleading or proceeding in such action, either in form or substance, for the furtherance of justice, and upon such terms as shall be just, at any time before or during the trial of such action, and before judgment rendered therein. Provided, that if such amendment be made in any pleading in matter of substance, as the court may in their discretion allow, the adverse party shall have time, according to the course and practice of the court, to answer the amended pleading, so as not to be prejudiced in conducting his action, prosecution or defense. Provided further, that process by which any action shall have been commenced, and on which aDy person shall have been arrested, shall not be amended in the return day thereof.” See act of March 12, 1845, 2 Curw. Stat. 1170.
Tbis statute, it will be observed, makes special mention of process, “ on which any person shall have been arrested,” and only prohibits amendment thereof in one particular — “ in the return day thereof; ” thus, by implication, permitting its amendment in any other respect, under the previous express provision, “ to amend any process.”
Under this liberal statute of jeofails, the court certainly had the same authority to allow the amendment of - the writ at the time the same was allowed and made, that by common law it would have had to amend a journal or record for the correction of an error which might have occurred during the same term, and while the proceedings were in fieri.
It is not supposed, however, that the court could, by an amendment, in either case, change the contract of defendant, or impose any other obligations upon him than those *332 actually assumed by the terms of his undertaking, whether as bail for appearance, or to the action, or for appeal. But this undertaking was, that the defendant should satisfy the judgment obtained in that action. It was at least implied that all the proceedings in the action should be conducted according to the existing laws. No new cause of action has been expressed. The suit was commenced to recover the sum of $1280, with interest, for which a judgment was, both by the writ and declaration, expressed to have been rendered by a certain court, at a certain time, in favor of the plaintiff and against Lytle. No new cause of action, nor any increase or variation of the former cause of action, except to render more certain the description thereof, was made by the amendment.
Ve think, therefore, the amendment allowed by the court of common pleas was one “ for the furtherance of justice ” between the parties, and in no wise affected the recognizance of bail entered into by the defendant. And it will be seen by a reference to the case of Williamson’s Admr’s v. Hall, 1 Ohio St. Rep. 190, that the court in that case went much farther than we deem it necessary to go in this case.
The record shows that a judgment was rendered in the action at the April term, 1854, for $1,361.20 in favor of the plaintiff and against Lytle; and that a capias ad satisfaciendum, duly issued thereon against Lytle, previous to the commencement of the action against the defendant, had been duly returned “ not found.” Under this state of facts, we think the plaintiff was entitled to recover from the defendant, upon the recognizance of bail, the amount of the judgment so rendered at the April term, 1854, with interest thereon.
The judgment of the district court must, therefore, be reversed, and judgment entered in favor of the plaintiff.

Judgment accordingly.

Swan, Brinkerhoef, and Scott, JJ., concurred.
Bartley, C. J., dissented.